IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| DPH MECHANICAL CONTRACTORS, INC. | PLAINTIFF, |
| VS. | CASE NO._____ <br> Jury Trial Demanded |
| BERKLEY SOUTHEAST INSURANCE GROUP; <br> W.R. BERKLEY CORPORATION; <br> ACADIA INSURANCE; AND <br> CONTINENTAL INSURANCE COMPANY; AND <br> CNA FINANCIAL CORPORATION | DEFENDANTS. |

---

COMPLAINT FOR BREACH OF CONTRACT

---

COMES NOW the Plaintiff, DPH Mechanical Contractors, Inc., by and through its acting president, Mr. Richard Pearce, and its corporate counsel, Daniel Lofton, Esq. and files this it's Complaint for Breach of Contract and would respectfully present unto this honorable Court as follows:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, DPH Mechanical Contractors, Inc. is a contracting company specializing in steamfitting and pipe fitting which is now winding up its business affairs; its former place of the business was 2475 Whitten Road, Memphis, TN 38133. All process on the company should be sent to Daniel Lofton, Esq. at 44 North Second St., Ste. 600, Memphis, TN 38103.

2. Berkley Southeast Insurance Group is the agent of and administrator for Acadia Insurance; it may be served with process at 2 Ravinia Drive, Suite 1200, Atlanta, GA 30346.

3. W.R. Bekley Corporation is the owner of and principal of Berkley Southeast Insurance Group and Acadia Insurance; it may be served with process at 475 Steamboat Road Greenwich, CT 06830.

4. Acadia Insurance is the signatory to the comprehensive commercial liability policy marketed as an "umbrella policy," and it may be served with process at its corporate headquarters located at 33 Milk Street, Portland, ME 04101.

5. Continental Insurance Company is the signatory to a comprehensive commercial liability policy marketed as a "wrap-around" policy providing more or less global insurance coverage for companies like DPH Mechanical Contractors, Inc. (hereinafter "DPH") It may be served with process at its corporate headquarters 151 N. Franklin Street, Chicago, IL 60606.

6. CNA Financial Corporation (hereinafter "CNA") is the owner of and principal of Continental Insurance Company; it may be served with process at its corporate headquarters 151 N. Franklin Street, Chicago, IL 60606.

7. The amount in controversy requirement contained in 28 U.S. Code § 1332(a) is satisfied as the demanded amount is well in excess of said amount, and the Defendants are all citizens of other states such that there is total diversity existing between these parties. Therefore, this court has jurisdiction of these matters, and venue is appropriate as Plaintiff's former operating location (where the underlying events took place) is within Shelby County, Tennessee.

FACTS

8.      Beginning on or about November 1, 2019 and continuing thru the present day, HolleyCo Mechanical Contractors, Inc. has taken control of the physical offices of the insured (the office building and outbuildings located at 2475 Whitten Road, Memphis, TN 38133) by changing the locks and by denying access to the lawful representatives of the insured.

9.      Further, beginning on or about November 1, 2019 and continuing thru the present day HolleyCo has systematically overtaken the customer base of and the stream of income belonging to the insured. HolleyCo did this by taking over existing contracts held by DPH at their various worksites. This caused a catastrophic failure in the company's ability to maintain itself as a going concern and resulted in avoidable and final lability.

10.     Finally, and again on or about November 1, 2019 and continuing thru the present HolleyCo took control of all important company documents, all company computers and other important machines belonging to the insured.

11.     DPH took extensive measures to mitigate its losses described above. This included the following actions:

   a) Retaining corporate counsel - Atty. Daniel Lofton
   b) Remotely hosting a corporate meeting on April 27, 2020
   c) Remotely hosting a second corporate meeting on May 26, 2020
   d) Remotely hosting a third corporate meeting on July 8, 2020

These meetings demanded that an accounting and inventory be produced in order to ensure that monies belonging to DPH were properly credited and made available. Also Mr. Richard Pearce was duly appointed the acting president of DPH.

12.     On or before December 15, 2019 and continuing through October 22, 2020, Mr. Richard Pearce, the acting president of DPH, routinely notified all Defendants of the above

factual circumstances by contacting their specially designated and collective agent for notice: Commercial Insurance Associates, LLC, located at 103 Powell Ct # 100, Brentwood, TN 37027. This company marketed and sold all of the relevant insurance policies. It further provided Defendants with notice that it was engaged in mandatory litigation to regain access to its leased premises and otherwise mitigate its losses on an emergency basis. Said mitigation was required under the relevant insurance policies. At this time, DPH requested that the Defendants provide legal counsel as required under the policy. This request was later renewed by Atty. Daniel Lofton; it is ongoing and has *yet* to be denied. The estimated total unpaid legal fees due under this policy are in excess of $150,000.

13. DPH expected its insurance agent to - especially given the exigent circumstances and especially given the comprehensive and even exhaustive level of insurance coverage provided - proactively investigate and provide a local agent attempting to fulfill its obligations under an emergency basis. All Defendants appear to have ignored the notice provided to their lawful agent. DPH by and through Mr. Pearce called and explained in detail the extensive and catastrophic loss suffered by the insured all the while demanding a copy of the company insurance policies. Commercial Insurance & Associates, LLC received approximately six separate lengthy phone calls explaining in detail the circumstances set forth herein. Mr. Pearce on behalf of DPH indicated that he was filing a claim numerous times and repeatedly demanded a copy of all policies in question. The policies were not provided until October 22, 2020. The majority of these calls occurred during the effective coverage period.

14. After awaiting a response from Commercial Insurance & Associates, LLC to no avail - on November 23, 2022, Plaintiff formally submitted a demand for payment under the

wrap around /umbrella policy no. CUE6072189975 and CPA 4415481-41 respectively. These policies were admittedly in effect from July 26, 2019 thru July 26, 2020 all premiums were timely paid.

15.     In the aforesaid letter, Defendants were re-notified of the hostile takeover committed by HolleyCo Mechanical Contractors, Inc. (hereinafter "HolleyCo"), and further notified that due to said takeover, DPH lost access to its corporate offices located at 2475 Kirby Whitten, Memphis, Tennessee. Defendants were re-notified - at that time - that the company was undertaking to (and obligated to) avert its liability in order to maintain itself as a going concern.

16.     The policies specifically cover "wrongful evictions" and broadly and engrossingly cover personal and *advertising* injuries. Moreover, they sweepingly cover necessary legal expenses incurred by the policyholder while it is exerting its duty to mitigate its losses. They cover fortuitous lost business income and even any personal or advertising injury which the insured has become "legally obligated to pay." Plaintiff makes claims under all of these provisions. Again, these claims have yet to be denied. Defendants' refusal to timely review (and refusal to pay) these claims is a breach of the policy agreement and evinces bad faith under Tennessee law.

17.     On December 21, 2022, CNA/Continental Insurance Company responded that it was authorized to relay notice of claims between itself and the primary underlying insurance companies namely the other Defendants in this litigation. It also responded that a formal denial from those companies was necessary to the triggering of its coverage obligations. It specifically stated that "*notice to your Primary Insurers would constitute notice to Continental.*" In the same

vein, notice to Continental would constitute notice to the "primary insurers," i.e. the other named Defendants. The point is that these companies are in a full agency capacity as it concerns this Insured and as it concerns this coverage dispute. CNA freely admits that it *expects* to receive information directly from the other Defendants. These Defendants are not only charged with relaying information between themselves they are *obligated* to relay information in order to perform their basic function of providing insurance. Clearly, Plaintiff was not charged with separately fielding notices to all five major companies and the separate agent, Commercial Insurance & Associates, LLC.

18. In fact, CNA/Continental considered both policies in question as being inextricably interwoven even going so far as to say:

> "Because of the Underlying Insurance Coverage Limitation endorsement, the Excess and Umbrella Policies provide the same coverage as the underlying Primary Insurers' policies."

For this reason, all Defendants were formally re-notified of accrued insurance liability on December 21, 2022. To this date, no denial (nor payment) of these claims has been made.

19. Continuing from December 21, 2022 through the present DPH provided evidence including multiple affidavits and court records. Again, Defendants have not denied the claim nor is it possible to deny the claim given the universal nature of the coverage provided.

20. DPH now sues the Defendants collectively for $650,000 (six hundred and fifty thousand dollars). These Defendants are in full agency capacity with one another for the reasons set forth *supra*.

## BREACH OF CONTRACT

### COUNT ONE

21. All of the above paragraphs are included herein as if written verbatim.

22. The Plaintiff entered into a contract with the Defendants concerning the following issues:

   1) wrongful eviction
   2) attorney's fees payments
   3) loss of business income
   4) payment for legally obligated debts
   5) loss of use

The aforementioned policies were in effect from July 26, 2019 thru July 26, 2020, and all of the aforesaid damages occurred within the policy period.

23. No exclusion applies to these business losses; they are covered losses which have not been paid. Specifically, DPH had pre-existing contracts with Valero Refinery, AmPro, Johnson Controls, and Alpha Mechanical. All of these were wrongfully converted by HolleyCo such that DPH lost approximately $250,000 in business income.

24. The failure to honor these claims is a breach of contract.

25. Defendants are collectively liable to the Plaintiff in an amount not less than $650,000 (six hundred and fifty thousand dollars). Plaintiff will prove this loss at a hearing of this matter.

## BAD FAITH FAILURE TO PAY

### COUNT TWO

26. All of the above paragraphs are included herein as if written verbatim.

27. Defendants have been continuously receiving notice of Plaintiff's claims since

December 15, 2019 and have refused to either pay or deny the claim. Additionally, it waited approximately ten months to provide the Plaintiff with a copy of the relevant insurance policies.

28. This is evidence of bad faith, for which the Plaintiff is entitled to additional damages beyond the actual loss covered under the policies in question.

29. Plaintiff seeks all damages available to it for the Defendants' bad faith refusals that are available under the laws of the State of Tennessee.

WHEREFORE, premises considered, the Plaintiff prays:

1. That proper process and notice issue and be served upon the Defendant herein requiring them to answer this Complaint.

2. That the Plaintiff reserves the right to amend the complaint.

3. That upon a hearing of this cause that the matters in controversy be decided by a jury.

4. That upon a hearing of this cause, the Plaintiffs be awarded damages both compensatory, special, exemplary and punitive in an amount to be proven at a hearing of the cause.

5. That upon a hearing of this cause, the Plaintiffs be awarded attorney fees and appropriate court cost and expenses for having to bring this action.

6. For such other and further relief as may be just and proper within these premises.

Respectfully submitted,

Daniel O. Lofton #27386
Attorney for Plaintiff
Craig & Lofton, PC
44 N. Second St., Ste. 600
Memphis, TN 38112
(901) 526-7837 OFFICE
(901) 424-1385 FAX