# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| DPH MECHANICAL CONTRACTORS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| BERKLEY SOUTHEAST INSURANCE GROUP; W.R. BERKLEY CORPORATION; ACADIA INSURANCE; CONTINENTAL INSURANCE COMPANY; AND CNA FINANCIAL CORPORATION, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

No. 2:24-cv-02537-SHL-tmp

## ORDER STRIKING AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO AMEND CONSISTENT WITH FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2)

Before the Court is Plaintiff DPH Mechanical Contractors, Inc.'s ("DPH") Amended Complaint for Breach of Contract, filed December 31, 2024. (ECF No. 47.) In the Amended Complaint, DPH asserts that it is entitled to file the Amended Complaint "pursuant to F.R.C.P. 15(a)(1)(B) as a matter of course," because Defendant Acadia Insurance ("Acadia"), filed its first responsive pleading on December 10, 2024. (Id. at PageID 438.) Under the Rule cited by DPH, "[a] party may amend its pleading once as a matter of course no later than . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." However, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

If Acadia were the only Defendant, Plaintiff's position would be well-taken. Yet, Defendant Continental Insurance Company ("Continental") remains in the case, and it filed a

Motion to Dismiss on September 4, 2024.  (ECF No. 18.)

In cases with multiple defendants, "parties cannot add together, or make 'cumulative,' twenty-one-day periods after opposing parties file separate responsive pleadings or motions to dismiss at different times."  Evans v. City of Ann Arbor, No. 21-10575, 2021 WL 2949502, at *2 (E.D. Mich. July 14, 2021).  Some courts in such multi-defendant cases have found that "the right to amend as a matter of course is triggered only after the first responsive pleading is filed," which, in this instance, would mean that DPH's deadline for amendment as of right expired twenty-one days after Continental filed its motion to dismiss.  See McBride v. Performance Food Grp., Inc., No. 21-12424, 2022 WL 2328665, at *3 (E.D. Mich. June 28, 2022); Evans, 2021 WL 2949502, at *2.  Other courts have concluded that "'when a plaintiff seeks to amend his or her complaint against multiple defendants . . . each defendant is treated separately under Rule 15 for purposes of amending as of right.'"  Elkins v. Extreme Prods. Grp., LLC, No. CV 5:21-050-DCR, 2021 WL 1240778, at *3 (E.D. Ky. Apr. 2, 2021) (quoting Cowan v. Miller, 2016 WL 4362868, at *2 (E.D. Mich. Aug. 16, 2016).)  See also Southall v. USF Holland, LLC, No. 3:19-CV-01033, 2020 WL 12948058, at *2 (M.D. Tenn. Apr. 10, 2020) ("the plaintiff may not file his amendment as a matter of right concerning those defendants who filed an answer or a Rule 12(b), (e), or (f) motion more than 21 days before the plaintiff attempts to make such a filing").

The Court is persuaded by the rationale articulated in Evans.  There, the court explained the impracticality of allowing later-filed answers or motions to dismiss to begin anew the amendment-as-of-right deadline.  The court noted that "[i]t is highly impractical in many cases to determine whether an amendment is directed at one defendant, who has recently responded, or directed at other defendants who responded well in the past.  Allegations and claims against multiple defendants are regularly combined and intimately related.  Further, the requirement that

the court examine an amended complaint and determine whether amendments are directed at a defendant is found neither in the text nor commentary of Rule 15." 2021 WL 2949502, at *3 n.2. See also 6 Fed. Prac. & Proc. Civ. § 1481 (3d ed.) ("the sounder approach is to require a motion for leave to amend so that the court may consider the possible effects of the proposed amendment on the other parties to the action. This should not be unduly burdensome on plaintiff inasmuch as Rule 15(a)(2) specifically provides that leave to amend shall be freely granted").

Accordingly, to the extent DPH seeks to amend its complaint, it must do so consistent with Rule 15(a)(2), that is, with the written consent of each Defendant or with the Court's leave. The Amended Complaint (ECF No. 47) shall be stricken.

**IT IS SO ORDERED**, this 7th day of January, 2025.

> s/ Sheryl H. Lipman
> SHERYL H. LIPMAN
> CHIEF UNITED STATES DISTRICT JUDGE